### ALVIN PUCKETT v. THE STATE.

No. 19797.   Delivered June 22, 1938.
Rehearing denied October 19, 1938.

The opinion states the case.

*Robert P. Brown*, of San Angelo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for aggravated assault; penalty assessed at a fine of $500.00 and confinement in the county jail for one year.

Upon an indictment charging an assault with intent to murder the appellant was convicted of an aggravated assault.

E. E. Kilgrove, the alleged injured party, testified that he had personal knowledge that his wife and the appellant had been corresponding with each other; that he wrote appellant a letter about it but received no reply. About four or five o'clock on the afternoon of August 7, 1937, Kilgrove received a telephone call from his nine-year-old son, in response to which he called a taxicab to take him home. He took a hammer handle with him. Upon reaching the Crockett Grocery in San Angelo, Kilgrove saw his wife talking to the appellant. When he saw Kilgrove, the appellant went into the store. Kilgrove followed him and was attacked by the appellant. When Kilgrove was stabbed the appellant had a knife in his right hand and a hammer handle (which he had taken from Kilgrove) and a rock in the left hand. From the testimony of Kilgrove we quote:

"When he stabbed me I throwed up my hands and said: 'You have wrecked my home and I guess you've killed me.' I staggered over to the car and told him to take me to the police station as fast as he could. * * * I did not have anything in my hands when I was stabbed; I knew better than to make any effort to strike him then as I didn't have anything to defend myself with."

The wound inflicted by the appellant was three or three and one-half inches deep and about an inch long. A doctor testified that the wound was about a part of the body where some of the vital organs are located, namely, the lungs and the heart. As to the seriousness of the wound, Kilgrove testified as follows:

"They carried me to the Rush-Schulkey-Wall Hospital, where Dr. Schulkey attended my wounds. The scar wasn't so long but it was about three or three and a half inches long. * * * I would say that the scar is about an inch long. * * * For just a second, a time or two, I became unconscious with the wound. The wound is healed up on the outside but on the inside it isn't. It gives me trouble yet. As to my physical feeling, I am very much unable to follow my former actions on account of it. That wound interferes with my regular work. I spent two weeks in bed on account of it."

The appellant testified that on August 7, 1937, he was standing in front of a grocery store in San Angelo, drinking a bottle of soda water and talking to Mrs. Kilgrove. He observed a taxicab coming and started back into the store when some one hit him from behind with a hammer handle. A struggle ensued during which he took the handle away from Kilgrove after having been struck with it several times. After the struggle appellant went to get into the taxicab but the car would not start. Kilgrove came to the side of the car with a rock in his right hand and a knife in his left hand. Appellant shoved him back with the door of the car and he dropped the rock. Appellant then stepped out of the car, opened his knife and cut Kilgrove one time. He said he cut Kilgrove because he was afraid of him; that he acted in self-defense. Appellant said he tried to get away from Kilgrove but that the car would not start.

Two eye witnesses to the assault testified that Kilgrove had no knife in his hand at the time he was stabbed by the appellant and made no attempt to draw a knife. After a struggle over the hammer handle, appellant went to a car, followed by Kilgrove. Both men had rocks in their hands at the time. When Kilgrove reached the car in which appellant was sitting, appellant then jumped out and stabbed Kilgrove with a knife.

We are unable to agree with the appellant's contention that the evidence fails to show that the wound inflicted on the injured party was serious.

Bills of exception Nos. 2, 3 and 4 reflect complaint of the evidence of certain witnesses upon the ground that their testimony was irrelevant, immaterial and prejudicial to the rights of the appellant. Such objection has been held to be too general to require consideration. See Branch's Ann. Texas P. C., p. 113, Section 208, and cases cited.

The other bills of exception found in the record have been examined but since they fail to present reversible error, a discussion of them is pretermitted.

Deeming the evidence sufficient to support the conviction, and perceiving no error justifying a reversal, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—We have again examined the record in the light of appellant's motion for a rehearing, and are con-

strained to adhere to the conclusion expressed in the original opinion.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.